IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Brittany Shearin,<br><br>Plaintiff,<br><br>-vs-<br><br>Hatfield, Inc., d/b/a Grid, Synapse Financial Technologies, Inc., and Evolve Bank & Trust,<br><br>Defendants. | Civil Action No.: 3:23-cv-01477-SAL<br><br>(Jury Trial Demanded) |

## COMPLAINT

Plaintiff, complaining of the Defendant above named, would respectfully show:

## JURISDICTION

1. The State of Residence of Plaintiff is South Carolina, County of Richland

2. Defendant Hatfield, Inc., d/b/a Grid ("Grid") is a corporation organized under the laws of a foreign state, headquartered in Oakland, California.

3. Defendant Synapse Financial Technologies, Inc., ("Synapse") is a Delaware corporation with its headquarters in San Francisco, California.

4. Defendant Evolve Bank & Trust ("Evolve") is an Arkansas banking corporation headquartered in Tennessee.

5. This Court has jurisdiction over the parties and subject matter of this action under both diversity and federal question jurisdiction, as the amount in controversy exceeds $75,000.00 and there is complete diversity between the parties; further,

federal questions exists based on Plaintiff's cause of action under 15 U.S.C. 1693, et. seq.

## INTRODUCTION

6. In 1978, Congress passed the Electronic Fund Transfer Act (EFTA) (15 U.S.C. 1693 et seq.) to protect individual consumers from fraudulent, or unauthorized electronic fund transfers from their bank accounts.

7. The EFTA is implemented through Regulation E, 12 CFR. 1005.

8. Regulation E defines an "Account" for purposes of the act to include a "[c]hecking…account held by a financial institution…established primarily for personal, family, or household purposes." 12 CFR 1005.2(b)(1).

9. An "electronic fund transfer" (EFT) includes "any transfer of funds initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account." 12 CFR 1005.2(b)(3).

10. An "Unauthorized electronic fund transfer" is an EFT from a consumer's account initiated by a person other than the consumer without actual authority to initiate the transfer and from which the consumer receives no benefit. 12 CFR 1005.2.

11. Although there is no bright-line time limit within which consumers must report unauthorized EFTs (see, 71 Fed. Reg. 1638, 1653 (Jan. 10, 2006) 12 CFR 1005.6), a consumer who provides notice to their financial institution of an unauthorized transfer of funds from his account within "60 days after the transmittal of the periodic statement on which the unauthorized transfer first appears" has no liability for the transfer. 12 CFR 1005.6.[1]

12. A financial institution that fails to apply this limit of liability properly violates the EFTA.

---

[1] Different rules apply when the transfer involves the loss of an "access device" such as an ATM card, which are not relevant to the present case.

13. Additionally, a financial institution that fails to promptly investigate in good faith, fails to conduct a "reasonable" investigation, or fails to notify the consumer of the results of an investigation within 3 business days violates the EFTA.

14. In this investigation, the financial institution bears the burden of proving that alleged Unauthorized EFT was, in fact, authorized.

15. The failure by a financial institution (or any person) to comply with any provision of the EFTA makes the institution liable for:

    a. Any actual damage sustained by the consumer because of the failure;
    b. In an individual action, damages of up to $1,000;
    c. Costs and attorney's fees; 15 USC §1693m

16. Additionally, 15 USC §1693f(e) provides that the consumer's damages shall be trebled "in any action under 1693m…if the Court finds that:

    a. The financial institution did not provisionally recredit a consumer's account within ten days and did not make a good faith investigation of the alleged error; or
    b. did not have a reasonable basis for believing that the consumer's account was not in error; or
    c. knowingly and willfully concluded that the consumer's account was not in error[2] when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation.
    d. The financial institution further must provide notice of the results of its investigation within 3 business days of completing it. 12 CFR 1005.11.

---

[2] "Errors" includes an unauthorized transfer. 12 CFR 1005.11.

17. A bank who fails to apply the limitations on liability properly to an unauthorized transfer reported within 60 days is liable for recrediting the amount of the transfer as actual damages, additional damages of up to $1,000.00, costs and attorney's fees.

18. Additionally, when a bank does not make a good faith investigation of the error, concludes that an unauthorized transfer was "authorized" without reasonable basis, knowingly and willfully concludes there is "no error," it is liable for treble damages.

19. Claims under the EFTA and regulation E are additional to other remedies that may be available to a consumer.

## FACTUAL ALLEGATIONS

20. Plaintiff lives in South Carolina.

21. Plaintiff previously applied for and received a consumer debit card issued by Defendant Grid.

22. The card was tied to a depository account at Defendant Evolve.

23. Defendant Synapse is and was at all times herein mentioned, the agent of Defendants Grid and Evolve for purposes of account administration, including the handling of fraud disputes under the EFTA.

24. After the issuance of the account and card, Plaintiff used them for personal, family nad household purposes.

25. On or about January 26, 2023, Plaintiff attempted to use her card, as normal, to make a purchase.

26. Her card was declined.

27. Upon logging into her bank account, Plaintiff saw multiple fraudulent charges, including but not limited to:

    a. Target: $55.00

    b. Target: $57.29

    c. Target: $106.00

    d. Target: $58.88

      e. Walmart: $206.88

      f. Walmart: $105.44

      g. McDonald's: $9.28

28. The above charges were made in or around El Paso, Texas.

29. Plaintiff has never been to El Paso, Texas, and had not lost her card.

30. Plaintiff immediately notified Defendants of the above fraudulent charges.

31. Plaintiff then made a police report with the El Paso Police Department, which resulted in assignment of case numbers 23027043 (for Target) and 23027044 (Wal-Mart and McDonald's).

32. On January 27, 2023, Plaintiff filed a formal dispute to Defendants, per their express instructions.

33. Although Defendants have specific requirements that they must follow under the EFTA, they followed almost none.  Instead, Defendants:

      a. Failed to provisionally credit any charge except the $9.28 charge at McDonald's;

      b. Locked Plaintiff out her account;

      c. Blocked deposits from posting;

      d. Failed to investigate or credit, in the time allowed by statute;

      e. Failed to properly inform Plaintiff of the basis of any denial;

34. Instead, from January 27 through the date of this Complaint, Defendants have stonewalled Plaintiff, provided vague and contradictory responses via email, and failed to follow the unambiguous requirements of the EFTA.

35. Defendants have a pattern and practice of cursorily denying claims such as Plaintiff as a matter of course, regardless of the facts and irrespective of the fact that it bears the burden of proof under federal law of proving such charges were, in fact, "authorized."

36. The wrongful acts of the Defendants described caused the following concrete and particularized harms and losses:

      a. Out of pocket losses;

      b. Emotional distress including fear, humiliation, anxiety and frustration, and the physical manifestations of same;

      c. Harm to existing and/or prospective credit;

      d. Harm to reputation;

      e. Lost time; and,

      f. Such other harms and losses as shown.

37. Defendants must pay all sums needed to compensate for all harms and losses proximately caused by the wrongful acts described, to return Plaintiff to the position enjoyed before wrongful injury.

38. For those harms and losses reasonably expected to continue, Defendants must compensate for their expected continuing impact and effect,

39. Additionally, due to the intentional or reckless nature of the wrongful acts described herein, and/or acts in bad faith, Defendants must pay nominal or symbolic damages and punitive damages to punish said conduct and deter its reoccurrence.

40. Defendant must further be required to pay attorney's fees and costs, as well as the penalties mandated by its violation of important statutory rights referenced below.

41. All the harms and losses caused by Defendants are likely to be redressed by a favorable judicial decision, through an award of the above damages, assessment of fines and punitive damages, an award of attorney's fees and all litigation costs, and injunctive relief.

### **FOR A FIRST CAUSE OF ACTION**

### **(Violation of the Electronic Fund Transfers Act and Regulation E: Failure to Comply with Error Resolution Procedures)**

42. Plaintiff realleges and reasserts the above allegations and incorporates them into this cause of action.

43. Defendants are financial institutions subject to the requirements of the EFTA.

44. The account at issue was established primarily for personal, family, or household purposes." 12 CFR 1005.2(b)(1).

45. Plaintiff notified Defendants in January 2023 of the Error(s) in her Account in the form of Unauthorized charges.

46. Defendants were required to initiate a good faith investigation upon notice.

47. Additionally, because the alleged error was an unauthorized EFT, Defendants bore (and bear) the affirmative burden of proof to establish that the EFT's were authorized under 15 U.S.C. §1693g(b).  See also, 83 Federal Register 6364, 6382 (Feb. 13, 2018).[3]

48. Besides bearing the burden of proof for the investigation, Defendants were required to:
    a. Investigate in Good Faith and Resolve the Error within 10 business days.
    b. Conduct a Reasonable Investigation.
    c. Support any finding by a reasonable basis for believing the consumer's account not in error.
    d. Report to the Consumer the results of the investigation within 3 business days of completing it. 12 CFR 1005.11.
    e. Provide documentary evidence supporting its position on reinvestigation, if challenged or requested by Plaintiff within 10 days of Defendants' notification of its result.

49. Defendants violated the EFTA by making a bad faith investigation that:
    a. Disregarded the fact that Plaintiff could not physically have made any of the charges alleged because he was in South Carolina.

---

[3] Absent the burden of proof, the obligation to act in good faith, and to back any determination by a reasonable basis in fact, any financial institution could simply conduct a cursory or conclusory "investigation," deny the claim, and avoid any loss to itself.

      b. Disregarded the fact that the use of a card intended for receipt of a paycheck was used in an obviously fraudulent and suspicious manner that was inconsistent with all prior use.

      c. Provided no explanation whatsoever for Defendant's finding.

      d. Was, upon information and belief, not actually conducted by humans and/or was not actually an "investigation" in any sense of the word

50. Defendants violated the EFTA by failing, after Plaintiff requested a reinvestigation or supporting information, to timely or properly provide same.

51. Defendant's actions were knowing and willful and in bad faith.

52. As a direct and proximate result of the foregoing, besides any damages above and the costs of this action (all of which are available for any EFTA violation) Defendants are liable for treble damages in the amount of $39,774.00. 15 USC §1693f(e).

53. Defendants must pay all sums needed to compensate for all harms and losses proximately caused by the wrongful acts described herein, to return Plaintiff to the position enjoyed prior to wrongful injury.

54. For those harms and losses that are reasonably expected to continue, Defendants must compensate for their expected continuing impact and effect,

55. Additionally, due to the intentional or reckless nature of the wrongful acts described herein, Defendants must be required to pay nominal or symbolic damages, as well as punitive damages to punish said conduct, and deter its reoccurrence in the future.

56. Defendant must further be required to pay attorney's fees and costs, as well as the penalties mandated by its violation of important statutory rights referenced below.

57. All the harms and losses caused by Defendants are likely to be redressed by a favorable judicial decision, through an award of the above damages, assessment of fines and punitive damages, an award of attorney's fees and all litigation costs, and injunctive relief.

## FOR A SECOND CAUSE OF ACTION

## (Violation of the Electronic Fund Transfers Act and Regulation E)

## 15 U.S.C. § 1693 et seq. and 12 C.F.R § 205 et seq.

58. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with the allegations of this cause of action.

59. The foregoing intentional and negligent acts and omissions of Defendants constitute violations of the EFTA and Regulation E including, but not limited to, every one of the above-cited provisions of the EFTA, 15 U.S.C. § 1693 et seq.

60. As a result of the above violations of the EFTA and Regulation E, Plaintiff should be awarded actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 169m(a)(3) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
_____
Dave Maxfield, Esq., FED ID 6293
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

April 11, 2023